IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of Ruth E Mullin,<br><br>           Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | No. CV-10-207-HU<br><br>FINDINGS & RECOMMENDATION |

Eric Virshbo
MACMILLAN, SCHOLZ & MARKS, PC
900 SE Fifth Ave., Suite 1800
Portland, OR 97204
    Attorney for Plaintiff

Dwight Holton
Ronald Silver
UNITED STATES ATTORNEY'S OFFICE
1000 SW Third Ave, Suite 600
Portland, OR 97204
    Attorneys for Defendants

HUBEL, Magistrate Judge:

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") brings this negligence action on behalf of its insured subrogee, Ruth Mullen, against the United States Postal Service ("USPS"). Before the court is USPS' motion to dismiss for lack subject matter jurisdiction. For the reasons set forth below, I recommend granting the motion.

**FACTS**

On August 12, 2008, Mullen was walking across the street when a USPS employee, driving a mail truck, allegedly struck Mullen. Compl. ¶ 3. State Farm insured Mullen at the time and allegedly paid $2,019.69 in medical costs associated with the accident. Compl. ¶ 6. State Farm demanded payment from USPS, and on April 29, 2009, USPS sent State Farm a letter denying liability, and telling State Farm it could file suit within six months of the date the letter was sent. Decl. Ronald Silver Ex. 1, at 1. State Farm's law firm received the letter on May 4, 2009. Id. Ex. 2, at 1. State Farm filed this action on February 23, 2010, more than nine months after the USPS denial letter.

In the meantime, Mullen had filed a claim against USPS. See Second Decl. Eric Virshbo Ex. 3. Mullen's attorneys accepted USPS's offer to settle the claim for $10,000, but wrote,

> I want to clarify that this settlement does not include a release from the person injury protection (PIP) benefits paid by my client's insurer, State Farm.

Second Virshbo Decl. Ex. 3, at 1. USPS responded by sending a check and a letter which read,

> Pursuant to 28 U.S.C. § 2672 and 39 C.F.R. § 912.14, acceptance of this check operates as a complete release

2 - FINDINGS AND RECOMMENDATIONS

>  and bars recovery of any additional or future claims against the United States, the U.S. Postal Service, or any employee . . . . Any subrogation claims, liens, or any outstanding indebtedness resulting from this incident, must be satisfied from the proceeds of this check.

Second Virshbo Decl. Ex. 2, at 1. Mullen's husband later confirmed that she received the compensation. First Virshbo Decl. at ¶ 2.

**STANDARDS**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. See Corrie v. Caterpillar, Inc., 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); see also Dreier, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

3 - FINDINGS AND RECOMMENDATIONS

**DISCUSSION**

According to USPS, State Farm's suit is barred under the Federal Tort Claims Act ("FTCA") because it did not initiate the suit within 180 days of USPS' letter to State Farm denying liability. State Farm argues that USPS' payment to Mullen was an "advance payment" under Oregon law that tolled the FTCA's 180-day statute of limitations. USPS responds that the FTCA's statute of limitations is not subject to tolling by Oregon statutes.

The general rule is that a court looks to state law to define the time limitation applicable to a federal claim only when "Congress has failed to provide a statute of limitations for a federal cause of action." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 111 S.Ct. 2773, 2778 (1991); see also Poindexter v. United States, 647 F.2d 34, 36 (9th Cir. 1981). Under the FTCA, however, the statute of limitations is explicit,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

In Poindexter, the leading case on a state statute's effects on the FTCA's statute of limitations, the Ninth Circuit addressed two cases where the injured plaintiffs filed FTCA claims, but were denied relief because district courts held they were time-barred under an Arizona statute. 647 F.2d at 35. The Arizona statute provided that a worker injured by a third party who elects to receive workers' compensation could also file a common law tort action, but if such an action was not brought within one year of

4 - FINDINGS AND RECOMMENDATIONS

the injury, the claim would be assigned by operation of law to the party who paid the compensation benefits, usually an insurer. Id. (citing Ariz. Rev. Stat. § 23-1023). The plaintiffs appealed, alleging that the FTCA's statute of limitations, not the Arizona statute, governed the timeliness of their claims. Id. The Ninth Circuit Court of Appeals agreed with the plaintiffs, and reversed. Id. The Ninth Circuit explained,

> A court must look to state law for the purpose of defining the actionable wrong for which the United States shall be liable, but to federal law for the limitations of time within which the action must be brought. Ariz. Rev. Stat. § 23-1023 B cannot bar appellants' claims if it is a statute of limitations and not a substantive provision.

Id. at 36. The Ninth Circuit acknowledged that "[a]lthough some of the provisions of Ariz. Rev. Stat. § 23-1023 are 'substantive' and must be given effect in a Federal Tort Claims action, *the provision cutting off the injured worker's cause of action after one year is a statute of limitations and is preempted by 28 U.S.C. § 2401(b).*" Id. (emphasis added).

Here, State Farm argues that USPS' payment to Mullen was an "advance payment" under ORS 31.550 and ORS 31.560. According to State Farm, under ORS 12.155 the "advance payment" tolled the FTCA's statute of limitations. This argument is unavailing.

Chapter 12 of the Oregon Revised Statutes is titled "Limitations of Actions and Suits." The specific statute at issue, ORS 12.155, entitled "Effect of notice of advance payment on running of period of limitation," reads,

> (1) If the person who makes an advance payment referred to in ORS 31.560 or 31.565 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of

5 - FINDINGS AND RECOMMENDATIONS

> expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. . . .
>
> (2) *If the notice* required by subsection (1) of this section *is not given, the time* between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations *is not part of the period limited for commencement of the action by the statute of limitations*.

(emphasis added). There is no question that the Oregon statute pertains exclusively to the time by which an action must be brought, and is not substantive law. On the contrary, it alters the amount of time a party has to bring a claim. Therefore, insofar as the statute alters the amount of time a plaintiff has to bring a claim under the FTCA, it is preempted by 28 U.S.C. s 2401(b).

The USPS mailed State Farm its notice of final denial of the claim on April 29, 2009. Under 28 U.S.C. s 2401(b), State Farm had until October 29, 2009, to file a claim under the FTCA. It did not file the claim until February 23, 2010.

Accordingly, I recommend holding that this court lacks jurisdiction, and the case should be dismissed.

## CONCLUSION

Defendant's motion to dismiss [doc. #21] should be granted.

///
///
///
///
///

6 - FINDINGS AND RECOMMENDATIONS

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 4, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due April 21, 2011. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 15 day of March, 2011.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATIONS